**MDL 1891**

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Dec 19, 2007**

FILED
CLERK'S OFFICE

IN RE: KOREAN AIR LINES CO., LTD.,
ANTITRUST LITIGATION

MDL No. 1891

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in three actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation as follows: (1) plaintiff in one Western District of Washington action has moved for centralization in the Western District of Washington; (2) plaintiffs in one Central District of California action have moved for centralization in the Central District of California; and (3) plaintiff in one Northern District of California action has moved for centralization in the Northern District of California. All responding parties agree that centralization is appropriate and variously support one or more of the previous three suggested districts, the District of Massachusetts or the Eastern District of New York.

This litigation currently consists of 25 actions listed on Schedule A and pending in six districts as follows: ten actions each in the Northern District of California and the Western District of Washington; two actions in the Central District of California; and one action each in the District of Massachusetts, the District of Nevada, and the Eastern District of New York.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that defendants, Korean Air Lines Co., Ltd. and Asiana Airlines, Inc., conspired to fix prices of passenger airfares for flights between the United States and Korea in violation of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Central District of California is an appropriate transferee forum for this litigation, because (1) two constituent actions and sixteen potential tag-along actions are already pending there; and (2) both defendants maintain their primary domestic office in Los Angeles, where discovery may be found.

[*] Judge Scirica did not participate in the decision of this matter.

[1] The Panel has been notified of 42 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

EXHIBIT
A

OFFICIAL FILE COPY    IMAGED DEC 1 9 2007

PLEADING NO. 55

-2-

        IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on
Schedule A and pending outside the Central District of California are transferred to the Central
District of California and, with the consent of that court, assigned to the Honorable S. James Otero
for coordinated or consolidated pretrial proceedings with the actions pending there and listed on
Schedule A.


                        PANEL ON MULTIDISTRICT LITIGATION


                                    John G. Heyburn II
                                        Chairman

        D. Lowell Jensen              J. Frederick Motz
        Robert L. Miller, Jr.         Kathryn H. Vratil
        David R. Hansen               Anthony J. Scirica*

IN RE: KOREAN AIR LINES CO., LTD.,
ANTITRUST LITIGATION                                MDL No. 1891

## SCHEDULE A

### Central District of California

Hyun Park, et al. v. Korean Air Lines Co., Ltd., C.A. No. 2:07-5107
Desa Philadelphia v. Korean Air Lines Co., Ltd., C.A. No. 2:07-5453

### Northern District of California

Hee Ho Chung, et al. v. Korean Air Lines Co., Ltd., et al., C.A. No. 3:07-3985
Hwa Ja Chung v. Korean Air Lines Co., Ltd., C.A. No. 3:07-4016
Ben Lee v. Korean Air Lines Co., Ltd., C.A. No. 3:07-4085
Yoon S. Chang v. Korean Air Lines Co., Ltd., et al., C.A. No. 3:07-4244
Kirby K. Kim v. Korean Air Lines Co., Ltd., C.A. No. 3:07-4245
Scott McLean v. Korean Air Lines Co., Ltd., et al., C.A. No. 3:07-4297
Martin Kaufman v. Korean Air Lines Co., Ltd., et al., C.A. No. 3:07-4349
Kaz Fujita v. Korean Air Lines Co., Ltd., et al., C.A. No. 3:07-4489
Amy Bricker v. Korean Air Lines Co., Ltd., et al., C.A. No. 3:07-4508
Michael Lee v. Korean Air Lines Co., Ltd., et al., C.A. No. 3:07-4509

### District of Massachusetts

Song Kim v. Korean Air Lines Co., Ltd., C.A. No. 1:07-11427

### District of Nevada

Sook Yung Lee v. Korean Air Lines Co., Ltd., et al., C.A. No. 2:07-1151

### Eastern District of New York

Yoong Kim v. Korean Air Lines Co., Ltd., et al., C.A. No. 2:07-3526

### Western District of Washington

James Van Horn v. Korean Air Lines Co., Ltd., C.A. No. 2:07-1228
Ki-Yong Nam v. Korean Air Lines Co., Ltd., C.A. No. 2:07-1264
Young Teak Moon, et al. v. Korean Air Lines Co., Ltd., C.A. No. 2:07-1280
Leeva Chung v. Korean Air Lines Co., Ltd., C.A. No. 2:07-1281
Jong Su Kim v. Korean Air Lines, Co., Ltd., C.A. No. 2:07-1294
Steven Kim, et al. v. Korean Air Lines Co., Ltd., et al., C.A. No. 2:07-1313

- A2 -

**MDL No. 1891 ScheduleA (Continued)**

<u>Western District of Washington</u> (Continued)

Chae Kim v. Korean Air Lines Co., Ltd., et al., C.A. No. 2:07-1337
Michael Choi v. Korean Air Lines Co., Ltd., C.A. No. 2:07-1342
Jay Sohn v. Korean Air Lines Co., Ltd., C.A. No. 2:07-1351
John Papazian v. Korean Air Lines Co., Ltd., C.A. No. 2:07-1357